IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CYRUS JONATHAN GEORGE,**

        **Petitioner,**

**v.**                                                                               **Civil Action No. 2:06cv3**
                                                                              **(Judge Maxwell)**

**JOYCE FRANCIS, Warden,**

        **Respondent.**

## REPORT AND RECOMMENDATION

The *pro se* petitioner initiated this case on January 12, 2006, by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a Memorandum in Support. On January 23, 2006, the Respondent was directed to show cause why the writ should not be granted. The Respondent filed a response on February 23, 2006. In reply, Petitioner filed a Motion for Summary Judgment.

### I. Factual and Procedural History

**A. The Petition**

According to the petition, on September 8, 1989, Petitioner was sentenced by the Upshur County Circuit Court to a 2-10 year term of imprisonment for malicious wounding and a 1-5 year term of imprisonment for attempted murder, to be served consecutively. The effective date of sentencing was September 7, 1988, thereby giving Petitioner 366 days of credit for time served awaiting disposition of the charges.

On May 26, 1993, Petitioner was sentenced by the United States District Court for the Northern District of West Virginia in Elkins to a 480-month term of imprisonment. That sentence was based on a 240-month RICO conviction, running consecutive to a second 240-month RICO

conviction. Petitioner asserts that these punishments are the maximum allowed by statute. Moreover, Petitioner asserts that his Upshur County convictions were "fully taken into account" in determining his 480-month federal sentence on the RICO violations. Memorandum at 1. Petitioner asserts that his federal sentence was ordered to run concurrent to his unexpired state sentence. Petitioner argues, however, that the district court should have also adjusted his sentence for time served under Application Note 2 of U.S.S.G. § 5G1(b).

Also in the petition, Petitioner recognizes that the Attorney General is charged with awarding sentence credit pursuant to 18 U.S.C. § 3585(b). Additionally, Petitioner acknowledges that the Attorney General is only authorized to grant credit as specifically prescribed by statute and does not have the authority to address constitutional issues such as a violation of the double jeopardy clause. However, Petitioner argues that despite the potential for a double jeopardy violation, the Bureau of Prisons ("BOP") has credited his federal sentence with only a portion of his state sentence credit. Specifically, Petitioner asserts that the BOP has awarded him credit for the time period between February 5, 1987 through September 30, 1987 and the time period from May 4, 1989 through September 7, 1989. Nonetheless, Petitioner asserts that he is also entitled to credit for an additional 45 months, or the time period between September 8, 1989 and May 26, 1993.[1]

This is not the first time Petitioner has challenged the BOP's calculation of his federal sentence. In 2000, Petitioner filed a Petition for Writ of Habeas Corpus with the United States District Court for the District of Maryland. In that action, Petitioner requested that the time spent serving his state sentence be credited to his federal sentence. In that case, the Maryland Court found that the 37 months in which Petitioner was on writ to federal authorities was credited to his state

---

[1] This time period is the time between the date on which his state sentence was imposed, up to and including the date his federal sentence was imposed.

sentence and could not be credited to his federal sentence. The Maryland Court also found that Petitioner's federal sentence was properly imposed.

However, Petitioner argues that the BOP's failure to credit his federal sentence with the requested time has effectively transformed his 480-month federal sentence into a 525-month sentence. Petitioner asserts that such a sentence is beyond the statutory maximum permitted by statute and violates the double jeopardy clause. Petitioner asserts that since the BOP and the sentencing court have refused to award his federal sentence with the time in question, his 480-month sentence must be vacated.

Finally, Petitioner asserts that despite the fact that he has challenged his sentence several times, and has filed at least one previous § 2241 petition in federal court, his double jeopardy claim cannot be waived or forfeited and that he should be permitted to proceed.

## B. **The Respondent's Response**

In the response, the Respondent asserts that Petitioner purports to challenge the calculation of his federal sentence on two grounds. First the Respondent asserts that Petitioner challenges the BOP's refusal to award him prior custody credit for the time he spent serving his state sentence on double jeopardy grounds. Second, the Respondent argues that Petitioner is alleging that the sentencing court failed to adjust properly his federal sentence based on the time spent serving his federal sentence because the conduct underlying his state sentence was considered in determining Petitioner's federal sentence. The Respondent argues, however, that Petitioner either raised these issues, or should have raised these issues, in the United States District Court for District of Maryland and that the instant petition must therefore be dismissed under the doctrines of collateral estoppel and res judicata. In addition, in a footnote, the Respondent also argues that to the extent Petitioner

challenges the way in which his sentence was calculated under U.S.S.G. § 5G1.3, that issue directly challenges the manner in which Petitioner's sentence was imposed and should have been made pursuant to 28 U.S.C. § 2255.

**C. Petitioner's Motion for Summary Judgment**

On March 1, 2006, Petitioner filed a Motion for Summary Judgment. In his motion, Petitioner asserts that counsel's arguments in its response to the Court's show cause Order are wrong and must be rejected as a matter of law. In support of this position, Petitioner argues that the United States Supreme Court has repeatedly held that collateral estoppel and res judicata do not apply in habeas corpus cases. Therefore, Petitioner asserts that the Respondent's arguments must be denied.

In addition, Petitioner asserts that because he has alleged that the BOP is executing his sentence in a manner which violates his constitutional rights, he is entitled to bring his claims under § 2241. Therefore, Petitioner seeks summary judgment in his favor.

**D. Petitioner's Conviction and Sentence**

From the Order issued by the Maryland District Court, and Petitioner's federal Judgment and Commitment Order, the undersigned has obtained the following information about Petitioner's sentences. On May 4, 1989, Petitioner was convicted in the Circuit Court of Upshur County, West Virginia of malicious assault and attempted murder in the first degree. On September 8, 1989, Petitioner was sentenced in state court to a term of 2-10 years on the malicious assault count and 1-5 years on the attempted murder conviction. The effective date of Petitioner's sentence was September 7, 1988.

On May 3, 1990, while confined by the West Virginia Divisions of Corrections, Petitioner was removed to federal court pursuant to a writ of habeas corpus ad prosequendum. Following his

federal jury trial, Petitioner was convicted of two RICO violations and four related violations. On May 26, 1993, Petitioner was sentenced to the custody of the BOP for a term of 240 months on count one and 240 months on count two, to be served consecutively for a total sentence of 480 months. Petitioner also received a 10-year sentence on counts 15, 17 and 18, to be served concurrently with each other and concurrent to the sentence imposed in count one. Petitioner also received a 30-year sentence on count 16, to be served concurrently to the sentences imposed in counts one and two. Petitioners' federal sentences were to run concurrent with his unexpired state sentence.

On May 26, 1993, Petitioner was returned to the custody of the West Virginia Division of Corrections to serve the remainder of his state sentences. Petitioner was released from State custody on March 7, 1996 and has been serving his federal sentence ever since.

### E. The BOP's Calculation of Petitioner's Sentence

The BOP has interpreted Petitioner's sentence as follows: counts one and two have been aggregated to form one 480-month sentence. Petitioners' ten year sentence on counts 15, 17 and 18, and his 30 years sentence on count 16, are absorbed into the 480-month sentence. As to Petitioner's pretrial credits, the BOP has awarded his federal sentence with 365 days of prior federal custody for the time period between February 5, 1987 and September 30, 1987. This time period includes all the time served prior to Petitioner's state sentence being imposed. The BOP has then credited Petitioner with the time served between May 4, 1989 and September 7, 1989, a period in which Petitioner was in federal custody. However, the BOP has not awarded Petitioner with the time between September 8, 1989 and May 26, 1993, because that time has already been credited to Petitioner's state sentence.

**F. Petitioner's § 2241 in Maryland**

Pursuant to the Memorandum Opinion in which the Maryland District Court denied and dismissed Petitioner's prior § 2241,[2] Petitioner asserted in that case that the BOP was incorrectly computing his federal sentence by failing to award him certain jail credits under federal law and that the federal court was required to adjust his sentence for time already served as a result of conduct taken into account in determining his federal sentence. Specifically, the Maryland Court stated that Petitioner was claiming "that to carry out the intent of the sentencing court, the BOP was required to apply all of his state time from September 28, 1988, through March 23, 1996, to his federal sentence." Opinion at 2. However, the Maryland Court found that Petitioner's claims lacked merit for the following reasons:

1) Petitioners' federal sentence was properly imposed pursuant to the law existing prior to and at the time of sentencing.[3]

2) The BOP has credited Petitioner's federal sentence with 365 days of pretrial credit for the time period between February 5, 1987, through September 30, 1997, and has also credited his federal sentence with the period between May 4, 1989, through September 7, 1989, a time period in which Petitioner was in federal custody. However, the time period between May 3, 1990, and May 26, 1993, when Petitioner was removed to federal court on federal writ, has been credited to Petitioner's state sentence and therefore cannot be credited to Petitioner's federal sentence. To do so would constitute double credit in violation of 18 U.S.C. § 3585(b).

---

[2] A copy of the opinion is attached to the Petition (dckt. 1) at Ex. D and to the Respondent's Response (dckt 5) at Ex. B.

[3] The offenses giving rise to Petitioner's convictions occurred both before and after November 1, 1987, the date the Sentencing Reform Act was implemented. Thus, Petitioner's sentence had both old law and new law implications.

## II. Analysis

A. **Collateral Estoppel/Res Judicata**

Prior to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and the ensuing changes to the federal habeas corpus statutes, 28 U.S.C. § 2244 authorized dismissal of a successive habeas petition that presented "no new grounds not heretofore presented and determined." See McClesky v. Zant, 499 U.S. 467, 483 (1991). That version of § 2244(a) provided:

> No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus and the petition presents no new ground not heretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such an inquiry.

In McClesky, the Supreme Court of the United States further found that raising a new claim in a subsequent habeas petition that could have been raised in a prior petition was an abuse of the writ. McClesky, 499 U.S. at 489. The abuse of the writ doctrine is a modified *res judicata* rule. See Felker v. Terpin, 518 U.S. 651, 664 (1996).

However, with the 1996 statutory amendments, § 2244(a) now reads:

> No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as governed in section 2255.

Prior to the 1996 amendments, several circuits had held that where a petitioner filed a § 2241 action which was dismissed on the merits, § 2244(a) barred a second § 2241 habeas action as an abuse of the writ. See George v. Perrill, 62 F.3d 333 (10th Cir. 1995); Glumb v. Honsted, 891 F.2d 872 (11th Cir. 1990); Poyner v. U.S. Parole Comm., 878 F.2d 275, 277 (9th Cir. 1989); Sacco v.

7

U.S. Parole Comm., 639 F.2d 441 (8th Cir. 1981). Although the new version of § 2244(a) does not expressly apply its provisions to habeas cases filed pursuant to § 2241, neither is it limited to any specific habeas statute. In fact, a few circuit and district courts have held that the AEDPA version of § 2244(a) also bars a second § 2241 as a successive petition where the grounds raised in the second petition were denied in a prior § 2241 action. See Valona v. United States, 138 F.3d 693, 695 (7th Cir. 1998); Chambers v. United States, 1106 F.3d 472, 475 (2d Cir. 1997); Singletary v. Dewalt, 2005 WL 1162940 (E.D.Va. April 5, 2005); Queen v. Smith, 2005 WL 1377835 (M.D.Pa. June 6, 2005).

Accordingly, because the grounds raised in the instant petition could have been raised in Petitioner's prior habeas petition and/or were actually adjudicated on the merits by the United States District Court for the District of Maryland, those claims should be denied and dismissed with prejudice as successive and as an abuse of the writ. Alternately, to the extent that Petitioner's claims may not be barred, those claims are without merit.

**B. Merits of Petitioner's Claims**

    1. Double Jeopardy

The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. The two components to this amendment guarantee protection from multiple punishments for the same offense and protection from being tried twice for the same crime. See United States v. Ragins, 840 F.2d 1184, 1187 (4th Cir. 1988) (citing Brown v. Ohio, 432 U.S. 161, 165 (1977)). The Double Jeopardy Clause is simply not applicable to a sentence computation made by the Bureau of Prisons.

    2. Imposition of Petitioner's Federal Sentence

To the extent that Petitioner argues that the federal sentencing court improperly considered the conduct giving rise to his state sentences when determining his federal sentence, Petitioner is challenging the imposition of his sentence and not the execution of his sentence. Therefore, those claims are not proper in a petition under § 2241.[4] See 28 U.S.C. § 2255; see also In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

### 3. Concurrency of Petitioner's Sentences

To the extent that Petitioner believes he is entitled to additional credit on his federal sentence simply because it was ordered to run concurrent with his state sentence, Petitioner is incorrect. A federal sentence commences on the day that it is announced, even when concurrent to a sentence already being served. See United States v. McLean, 867 F.2d 609 (4th Cir. 1989) (unpublished); see also Shelvy v. Whitfield, 718 F.2d 441, 444 (D.C. Cir. 1983); United States v. Flores, 616 F.2d 840 (5th Cir. 1980). Consequently, a federal sentence ordered to run concurrent to a state sentence being served can only run concurrent with that part of the prior sentence yet to be served.

Here, Petitioner's federal sentence was imposed on May 26, 1993, and was ordered to run concurrent with any *unexpired* portion of Petitioner's state sentence. Thus, Petitioner's state and federal sentences run concurrent only from the date on which the federal sentence was imposed, and only to the extent that his state sentence was not expired as of that date. Therefore, Petitioner is simply not entitled to credit on his federal sentence for the time period between September 8, 1989, the date of his state sentence, and May 26, 1993, the date of his federal sentence.

## III. Recommendation

For the foregoing reasons, it is the recommendation of the undersigned that Petitioner's

---

[4] In fact, Petitioner has a motion pending in his criminal case which raises some of the exact same issues brought in the instant case.

Motion for Summary Judgment (dckt. 7) be DENIED and that the petition be DENIED and DISMISSED with prejudice.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner and counsel of record, as applicable.

DATED: December 15, 2006.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE